JAMES L. DENNIS, Circuit Judge,
concurring in Parts I-III and concurring in the judgment:
I agree with the majority opinion’s discussion of prevailing-party status and with its disposition of this appeal. However, in my view, the district court correctly concluded that it is the 2007 Fee Order, not 42 U.S.C. § 1988, that entitles the Plaintiffs to attorneys’ fees, and I am convinced that this fact should control the reasonableness analysis on remand.
The Fee Order explicitly states, “Plaintiffs are entitled to recover attorneys’ fees, costs and expenses related to their counsel’s work in this case.” It also notes that the entitlement to fees “include[s]” those incurred through the date of the 2007 order. “The participle including typically indicates a partial list,” Include, Black’s Law Dictionary (10th ed. 2014); thus, this provision could easily be read as clarifying that the fees for present and future work are governed by the same rules. Additionally, the order contains a distinct paragraph that “concerns attorneys’ fees, costs and expenses incurred by Plaintiffs’ counsel through the date of the Court’s ruling” on the CAO, suggesting that the rest of the order concerns expenses incurred after the date of the Court’s ruling. The order also establishes a procedure “for attorneys’ fees, costs and expenses to be incurred following the date of the Court’s ruling” on the Corrective Action Order (CAO), which includes a requirement that the parties meet annually to discuss fees and seek a court order if they cannot agree. At the very least, the presence of these provisions makes the Fee Order ambiguous with respect to the extent of the Plaintiffs’ entitlement to attorneys’ fees. The district court’s conclusion, based on extrinsic evidence, that the Plaintiffs were entitled to fees for the legal work at issue on the basis of the *259 Fee Order was therefore not clearly erroneous. See Ergon-W. Va, Inc. v. Dynegy Mktg. & Trade, 706 F.3d 419, 424 (6th Cir. 2013) (“[C]lear error is the standard of review when a district court uses extrinsic evidence to interpret an ambiguous contract.”).
Of course, I agree with the majority that even a contractual award must be reasonable; indeed, the Fee Order here states that, as prevailing parties, the Plaintiffs are entitled “to be awarded their reasonable fees, costs and expenses.” (Emphasis added). Contrary to the majority opinion’s view, the district court did not believe that the Plaintiffs were contractually entitled to attorney fees “not subject to reasonableness review.”[1] Op. at 257. Instead, the court correctly read the Consent Decree, the CAO, and the Fee Order to impose a duty upon the Plaintiffs to provide a check against the Defendants’ default, or modification of their obligations thereunder, and to further provide that the plaintiffs shall be reimbursed for attorneys’ fees reasonably incurred in the performance of that duty. The decree and CAO call upon the plaintiffs merely to provide a crucible to test the defendants’ motions for discontinuance or modification of their obligations, and the district court did not err in finding that the plaintiffs and their attorneys acted reasonably in providing diligent and proper opposition to the defendants’ motions and that their requested fee amount reflected the work that counsel performed.
Furthermore, I disagree with the majority' opinion’s suggestion that Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), governs the reasonableness analysis when the entitlement to an award is based in contract. The scrutiny that typically applies to prevailing party fee requests in civil rights eases— and the idea that the degree of success obtained is “the most critical factor,” id.— is derived from interpretations of § 1988 and readings of Congressional intent. It is therefore not applicable where the entitlement is contractually based. In Hensley, the Supreme Court relied on the legislative history of § 1988 to observe that, in enacting the fee-shifting provision, “Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill.” Id. at 429-30, 436, 103 S.Ct. 1933. But where a contractual fee agreement entitles a party to attorneys’ fees related to their counsel’s work on a particular case, “[t]he contractual entitlement ... [has] supplemented or superseded the statutory one,” All. To End Repression v. City of Chicago, 356 F.3d 767, 770 (7th Cir. 2004); the scope of Congress’s authorization under § 1988 therefore has no bearing, cf. McKeage v. TMBC, LLC, 847 F.3d 992, 1003 (8th Cir. 2017) (“In cases involving contractual fee-shifting provisions, there is no relevant underlying congressional intent that might preclude a common fund award.”).
To be clear, our circuit precedent still requires the district court to consider the degree of success obtained when analyzing the reasonableness of a contractual award. In Johnson v. Georgia Highway Express, Inc., a case brought under Title VII of the Civil Rights Act, our court laid out twelve factors that must be considered in determining the reasonableness of a fee award, including “[t]he amount involved and the results obtained.” 488 F.2d 714, 717 (5th *260 Cir. 1974), overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). We have since applied those twelve factors when determining the reasonableness of attorneys’ fees based in contract. See, e.g., Meineke Disc. Muffler v. Jaynes, 999 F.2d 120, 126 (5th Cir. 1993). But unlike under Hensley, degree of success under Johnson is not the most critical factor. See Johnson, 488 F.2d at 717-19 (listing the twelve factors without suggesting relative importance). The district court’s denial of the Plaintiffs’ motion and grant of the Defendants’ motion should thus not have a disproportionate influence on the reasonableness of the related fee award. I therefore respectfully disagree with the majority’s conclusion that the source of the Plaintiffs’ entitlement to attorneys’ fees has no bearing on the reasonableness review.
In any event, I emphasize that, even under the analysis adopted by the majority opinion, the district court is in no way bound to reduce the Plaintiffs’ fee award to zero after considering the reasonableness of the award in light of the degree of success obtained. The Plaintiffs’ attorneys’ fees were incurred in the performance of a duty that was imposed by the CAO that they successfully obtained in 2007; the district court should therefore consider the Plaintiffs’ success in obtaining that order when it analyzes the reasonableness of attorneys’ fees incurred in the performance of their decretal duty.[2] And the district court should remember that, although the Supreme Court has highlighted the importance of this factor in determining whether a fee award requested under § 1988 is reasonable, it is still one factor out of many and is not alone be determinative of the district court’s analysis. See Hensley, 461 U.S. at 436-37, 103 S.Ct. 1933 (“There is no precise rule or formula for making [reasonableness] determinations.... The court necessarily has discretion in making this equitable judgment.”).

. Indeed, the district court acknowledged that the Defendants could challenge the reasonableness of an award made pursuant to the Fee Order and gave examples of the factors that could be considered during this sort of review; the defendants chose to challenge the fee award only on the basis of the degree of success,

. Failing take this earlier success, and the resulting duties, into account would lead to an absurd and unjust result. If the Plaintiffs and their attorneys are held to be entitled to little or no attorneys' fees unless they completely defeat the defendants’ motions, the Plaintiffs may be forced to perform their duty the advice and assistance of compensated counsel. Neither the statute nor the relevant court decisions can fairly be read to require such results.